NAOMI McM. LEDFORD, ADMX., v. CITY OF WINSTON-SALEM, ET AL.

(Filed 31 January, 1947.)

APPEAL by plaintiff from *Carr, J.,* at October Term, 1946, of FORSYTH.

Civil action to recover damages for death of plaintiff's intestate, alleged to have been caused by the wrongful act, neglect or default of the defendants.

From judgment of nonsuit entered at the close of plaintiff's evidence, she appeals, assigning errors.

*Elledge & Hayes and H. Bryce Parker for plaintiff, appellant.*

*Womble, Carlyle, Martin & Sandridge for defendant, City of Winston-Salem, appellee.*

*Craige & Craige and Kerr Craige Ramsay for defendant, Winston-Salem Railway Co., appellee.*

PER CURIAM. The scene of the present accident is the same as that appearing in the case of *Dillon v. Winston-Salem, et al.,* reported in 221 N. C., 512, 20 S. E. (2d), 845, with full description of the location, to which reference may be had to avoid repetition. The essential and operative facts of the two cases are strikingly similar, except that in the *Dillon Case* plaintiff's intestate was a passenger directing the operation of the automobile in which he was riding, while here plaintiff's intestate was the driver of the death car. Both cases are controlled by the same principles of law, and both were dismissed on demurrer to the evidence in the Superior Court. The judgment in the *Dillon Case* was affirmed on appeal, and a like result must follow here. No useful purpose would be served by detailing again a parallel state of facts. *Alberty v. Greensboro,* 219 N. C., 649, 14 S. E. (2d), 635.

Recognizing the pertinency of the Dillon decision, the plaintiff seeks to distinguish the subject case from that one, but the controlling facts are too nearly alike to warrant a different conclusion. Of course, there are differences in detail. These, however, are unimportant. This was the result reached in the Superior Court, and we are unable to say there is reversible error in the judgment.

Affirmed.